John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Eric Safire (SBN 98706)
**LAW OFFICES OF ERIC SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Tel: (415) 292-1940
Fax: (415) 292-1946
eric@safirelaw.com

Attorneys for Plaintiff.
RANDAL DUNKLIN

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL DUNKLIN, <br><br> Plaintiff, <br><br> v. <br><br> NOAH MALLINGER, TERRANCE SAW and DOES 1-20, inclusive. <br><br> Defendants. | Case No.: CV11 1275 <br><br> **COMPLAINT FOR DAMAGES** <br> **(42 U.S.C. § 1983)** <br><br> *JURY TRIAL DEMANDED* |

COMES NOW PLAINTIFF, RANDAL DUNKLIN, who complains of Defendants, and each of them, and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. §1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2. The conduct alleged herein occurred in the City and County of San Francisco. Venue of this action lies in the United States District Court for the Northern District of California.

- 1 -

COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF

## PARTIES

3. Plaintiff RANDAL DUNKLIN resides in the City and County of San Francisco, California.

4. Defendant NOAH MALLINGER was at all times mentioned herein a police officer employed by the San Francisco Police Department and acted within the course and scope of his employment.

5. Defendant TERRANCE SAW was at all times mentioned herein a police officer employed by the San Francisco Police Department and acted within the course and scope of his employment

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 20 inclusive, are unknown to the plaintiff, who therefore sues said defendants by such fictitious names. Defendants DOES 1 through 20, and each of them, were responsible in some manner for the injuries and damages alleged herein. The true names and capacities of defendants DOES 1 through 20, and each of them, are presently unknown to plaintiff. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein. Plaintiff therefore designates defendants DOES 1 through 20 by such fictitious names and when their names have been ascertained, plaintiff will amend this complaint to allege their true names and capacities.

7. In doing the acts and/or omissions alleged herein, Defendants and each of them acted under color of authority and/or under color of state law.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

9. Plaintiff Randal Dunklin is a 55 year old homeless man who was born with polio. For the past five years plaintiff has used a wheelchair to ambulate instead of crutches. On the morning of January 4, 2011, he visited a facility located at 1380 Howard Street in the City and County of

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

San Francisco to seek medical treatment. He was told by staff that he would have to make an appointment and return at a later time. Plaintiff became upset when he was asked to leave.

10. Plaintiff left and created a disturbance by throwing a piece of concrete at the wall of the building and puncturing the tires of a vehicle with a knife. Police were dispatched to the scene in response to a report of an agitated mentally disturbed person with a knife.

11. Officer Raymond Koenig was the first officer to arrive at the scene. He observed plaintiff in a wheelchair holding a knife. Plaintiff did not comply with his orders to drop the knife. Plain clothes officers Terrance Saw, Benjamin Pagtanac and Raselo Pascua arrived at the scene under the supervision of Sgt. Noah Mallinger.

12. Officer Saw approached the plaintiff knowing he was mentally disturbed, agitated and holding a knife. Dunklin was pepper sprayed by Officer Saw while sitting in his wheelchair. As a result Dunklin became more agitated, had difficulty seeing and started flailing his arms. While flailing his arms Officer Saw was injured.

13. Officer Ernesto Linares and Courtney Smith were also dispatched to the scene. While en-route they were advised that an officer had been injured. On arrival at the scene Officer Smith announced that he had a less than lethal rifle. He positioned himself approximately ten feet from the plaintiff while the other officers surrounded and contained the plaintiff. They pointed their guns at plaintiff and ordered him to drop his knife.

14. Plaintiff continued to sit in his wheelchair. He did not pose an imminent threat to the safety of the officers at the scene. Officer Smith fired a less than lethal round and struck plaintiff in the leg. Plaintiff dropped his knife. After the plaintiff dropped his knife Sgt. Mallinger and Officer Saw shot him. The plaintiff suffered three gunshot wounds. It is unknown at this time who fired the third bullet that struck him.

15. The shooting was video-taped by a citizen and is located on Youtube at http://www.youtube.com/watch?v=KyUQamT33vk. This video accurately depicts the events at or about the time of the shooting.

- 3 -

COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF

## STATEMENT OF DAMAGES

16. Plaintiff suffered and will continue to suffer general damages including pain and suffering in an amount to be determined according to proof. Plaintiff has suffered physical injuries that impact his quality of life and daily life activities.

17. As a result of the acts and/or omissions of Defendants, and each of them, Plaintiff has incurred, and is likely to continue to incur medical treatment and related expenses in amounts to be determined according to proof.

18. The acts and/or omissions of the defendant Defendants Mallinger and Saw were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against defendants Noah Mallinger and Terrance Saw according to proof.

19. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees.

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION
[1983—Fourth Amendment
Against individuals— Mallinger, Saw and Does 1 to 20]

20. The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

21. In doing the acts and/or omissions alleged herein Noah Mallinger, Terrance Saw and Does 1 - 20, and each of them, used excessive and unreasonable force against Randal Dunklin in violation of his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
[1983—Fourteenth Amendment
Against individuals—Mallinger, Saw and Does 1 to 20]

22. The plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF

23. In doing the acts and/or omissions alleged herein, Defendants Noah Mallinger, Terrance Saw and Does 1 - 20, and each of them, were deliberately indifferent to plaintiff's health and safety in violation of the Fourteenth Amendment to the United States Constitution. Alternatively, defendants acted with a purpose to harm unrelated to a legitimate police purpose.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of punitive and exemplary damages against defendants Noah Mallinger and Terrance Saw according to proof;
4. For an award of attorneys' fees and costs; and
5. For other and further relief as the Court may deem just, necessary and appropriate.

### JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: March 16, 2011

SCOTT LAW FIRM

By _____
John Houston Scott
Attorney for Plaintiff

- 5 -

COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF