John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel: (415) 561-9601
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Eric Safire (SBN 98706)
**LAW OFFICES OF ERIC SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Tel: (415) 292-1940
Fax: (415) 292-1946
eric@safirelaw.com

Attorneys for Plaintiff.
RANDAL DUNKLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL DUNKLIN, | Case No.: CV 11 1275 JCS |
| Plaintiff, | **STIPULATION FOR FILING OF FIRST AMENDED COMPLAINT; [PROPOSED] ORDER GRANTING SAME** |
| v. | |
| NOAH MALLINGER, TERRANCE SAW, CITY AND COUNTY OF SAN FRANCISCO and DOES 1-20, inclusive. | |
| Defendants. | |

- 1 -

STIPULATION TO FILE FIRST AMENDED COMPLAINT

IT IS HEREBY STIPULATED by and between the parties hereto, through their attorneys of record, that Plaintiff RANDAL DUNKLIN may file the attached First Amended Complaint upon execution of the Proposed Order submitted herein.

**DATED:** December 6, 2011

**SCOTT LAW FIRM**

By:    /s/ John H. Scott
     JOHN HOUSTON SCOTT
     Attorney for Plaintiff

**DATED:** December 6, 2011

**CITY ATTORNEY'S OFFICE**

By:    /s/
     BLAKE LOEBS
     Attorney for Defendants

## [~~PROPOSED~~] ORDER

Pursuant to the stipulation of the parties, and good cause appearing therefor, the Court GRANTS plaintiff RANDAL DUNKLIN leave to file a First Amended Complaint within ten (10) calendar days of the date of this Order.

IT IS SO ORDERED.

DATED: 12/7/11

_____
HONORABLE JOSEPH C. SPERO
United States District Court Magistrate Judge

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

# EXHIBIT A

John Houston Scott  (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9601
Fax: (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Eric Safire (SBN 98706)
**LAW OFFICES OF ERIC SAFIRE**
2431 Fillmore Street
San Francisco, CA 94115
Tel: (415) 292-1940
Fax: (415) 292-1946
eric@safirelaw.com

Attorneys for Plaintiff.
RANDAL DUNKLIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL DUNKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>NOAH MALLINGER, TERRANCE SAW, CITY AND COUNTY OF SAN FRANCISCO and DOES 1-20, inclusive.<br><br>    Defendants. | Case No.:  CV 11 1275 JCS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>**(42 U.S.C. § 1983)**<br><br>*JURY TRIAL DEMANDED* |

COMES NOW PLAINTIFF, RANDAL DUNKLIN, who complains of Defendants, and each of them, and alleges as follows:

**JURISDICTION AND VENUE**

1.   This action arises under 42 U.S.C. §1983. Jurisdiction is conferred by virtue of 28 U.S.C. §§ 1331 and 1343.

2.   The conduct alleged herein occurred in the City and County of San Francisco. Venue of this action lies in the United States District Court for the Northern District of California.

FIRST AMENDED COMPLAINT FOR DAMAGES

## PARTIES

3. Plaintiff RANDAL DUNKLIN resides in the City and County of San Francisco, California.

4. Defendant NOAH MALLINGER was at all times mentioned herein a police officer employed by the San Francisco Police Department and acted within the course and scope of his employment.

5. Defendant TERRANCE SAW was at all times mentioned herein a police officer employed by the San Francisco Police Department and acted within the course and scope of his employment.

6. Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal corporation organized under the laws of the State of California.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 20 inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. Defendants DOES 1 through 20, and each of them, were responsible in some manner for the injuries and damages alleged herein. The true names and capacities of Defendants DOES 1 through 20, and each of them, are presently unknown to Plaintiff. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein. Plaintiff therefore designates Defendants DOES 1 through 20 by such fictitious names and when their names have been ascertained, Plaintiff will amend this complaint to allege their true names and capacities.

8. In doing the acts and/or omissions alleged herein, Defendants and each of them acted under color of authority and/or under color of state law.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted in concert with each of said other Defendants herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

## STATEMENT OF FACTS

10. Plaintiff Randal Dunklin is a 55 year old homeless man who was born with polio. For the past five years Plaintiff has used a wheelchair to ambulate instead of crutches. On the morning of January 4, 2011, he visited a facility located at 1380 Howard Street in the City and County of San Francisco to seek medical treatment. He was told by staff that he would have to make an appointment and return at a later time. Plaintiff became upset when he was asked to leave.

11. Plaintiff left and created a disturbance by throwing a piece of concrete at the wall of the building and puncturing the tires of a vehicle with a knife. Police were dispatched to the scene in response to a report of an agitated mentally disturbed person with a knife.

12. Officer Raymond Koenig was the first officer to arrive at the scene. He observed Plaintiff in a wheelchair holding a knife. Plaintiff did not comply with his orders to drop the knife. Plain clothes officers Terrance Saw, Benjamin Pagtanac and Raselo Pascua arrived at the scene under the supervision of Sgt. Noah Mallinger.

13. Officer Saw approached the Plaintiff knowing he was mentally disturbed, agitated and holding a knife. Dunklin was pepper sprayed by Officer Saw while sitting in his wheelchair. As a result Dunklin became more agitated, had difficulty seeing and started flailing his arms. While flailing his arms Officer Saw was injured.

14. Officer Ernesto Linares and Courtney Smith were also dispatched to the scene. While en-route they were advised that an officer had been injured. On arrival at the scene Officer Smith announced that he had a less than lethal rifle. He positioned himself approximately 10 feet from the Plaintiff while the other officers surrounded and contained the Plaintiff. They pointed their guns at Plaintiff and ordered him to drop his knife.

15. Plaintiff continued to sit in his wheelchair. He did not pose an imminent threat to the safety of the officers at the scene. Officer Smith fired a less than lethal round and struck Plaintiff in the leg. Plaintiff dropped his knife. After the Plaintiff dropped his knife Sgt. Mallinger and Officer Saw shot him. The Plaintiff suffered three gunshot wounds. It is unknown at this time who fired the third bullet that struck him.

- 3 -

FIRST AMENDED COMPLAINT FOR DAMAGES

16. The shooting was video-taped by a citizen and is located on Youtube at http://www.youtube.com/watch?v=KyUQamT33vk. This video accurately depicts the events at or about the time of the shooting.

17. Police officers in San Francisco are more likely to come into contact with mentally disturbed persons than officers in any other county in California. In the year before the shooting of Plaintiff Dunklin, San Francisco police officers had shot and killed at least three other men (Edward Smith, Michael Lee and Vinh Bui) in situations where the resort to deadly force was avoidable had proper tactics been employed.

18. Prior to the shooting the San Francisco Police Department maintained training policies that were not adequate to handle usual and recurring situations involving persons suffering an apparent mental crisis.

19. Defendants Mallinger and Saw acted pursuant to a *de facto* official policy of the City and County of San Francisco and deprived the Plaintiff of his rights under the Fourth Amendment to the United States Constitution. This policy was established and approved by the Chief of Police and the Police Commission.

20. The shooting was investigated. It was determined by the Chief of Police that the shooting of the Plaintiff by Defendants Mallinger and Saw was within Department policy. The Chief of Police and the Police Commission had final policymaking authority from the City and County of San Francisco concerning the acts of Defendants Mallinger and Saw. The Chief of Police and the Police Commission knew of and specifically approved of the shooting of the Plaintiff, while seated in a wheelchair, by Defendants Mallinger and Saw.

21. Plaintiff filed a six month tort claim with the City and County of San Francisco on or about May 13, 2011. This claim was denied on June 7, 2011.

## STATEMENT OF DAMAGES

22. Plaintiff suffered and will continue to suffer general damages including pain and suffering in an amount to be determined according to proof. Plaintiff has suffered physical injuries that impact his quality of life and daily life activities.

23. As a result of the acts and/or omissions of Defendants, and each of them, Plaintiff has incurred, and is likely to continue to incur medical treatment and related expenses in amounts to be determined according to proof.

24. The acts and/or omissions of the Defendants Mallinger and Saw were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Plaintiff therefore prays for an award of punitive and exemplary damages against Defendants Noah Mallinger and Terrance Saw according to proof.

25. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees.

## CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION
[1983—Fourth Amendment
Against individuals— Mallinger, Saw and Does 1 to 20]

26. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

27. In doing the acts and/or omissions alleged herein Defendants Noah Mallinger, Terrance Saw and Does 1 - 20, and each of them, used excessive and unreasonable force against Randal Dunklin in violation of his rights under the Fourth Amendment to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
[1983—Fourteenth Amendment
Against individuals—Mallinger, Saw and Does 1 to 20]

28. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

29. In doing the acts and/or omissions alleged herein, Defendants Noah Mallinger, Terrance Saw and Does 1 - 20, and each of them, were deliberately indifferent to Plaintiff's health and safety in violation of the Fourteenth Amendment to the United States Constitution. Alternatively, Defendants acted with a purpose to harm unrelated to a legitimate police purpose.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
[42 U.S.C. §1983 – MUNICIPAL LIABILITY]

30. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

31. The training policies of the Defendant City and County of San Francisco were not adequate to train its police officers to handle the usual and recurring situations with which they must deal. The Defendant City and County of San Francisco was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. The failure of the City and County of San Francisco to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants Mallinger and Saw; that is, the failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
[42 U.S.C. §1983 – MUNICIPAL LIABILITY]

32. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

33. The acts of Defendants Mallinger and Saw deprived the plaintiff of his rights under the United States Constitution. Defendants Mallinger and Saw acted pursuant to a *de facto* official policy or a longstanding practice or custom of the City and County of San Francisco.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
[42 U.S.C. §1983 – MUNICIPAL LIABILITY]

34. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

35. The acts of Defendants Mallinger and Saw deprived the Plaintiff of his rights under the United States Constitution. The Chief of Police and the Police Commission had final policy making authority from Defendant City and County of San Francisco concerning the acts of

Defendants Mallinger and Saw. The Chief of Police and the Police Commission ratified the acts of Defendants Mallinger and Saw and the basis for it, that is, the Chief of Police and the Police Commission knew of and specifically approved of their act of shooting the Plaintiff while sitting in a wheelchair.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
[CA Civil Code Section 51.7]

36. The Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

37. Plaintiff was deprived of his right under California Civil Code Section 51.7 to be free from violence against his person because of a disability and medical condition.

38. Defendant City and County of San Francisco is vicariously liable for the acts and omissions of Defendants Mallinger and Saw under the doctrine of respondent superior and by virtue of Government Code Section 825.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, as follows.

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of punitive and exemplary damages against defendants Noah Mallinger and Terrance Saw according to proof;
4. For an award of attorneys' fees and costs; and
5. For other and further relief as the Court may deem just, necessary and appropriate.

### JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Dated: December 1, 2011                           By____/s/ John H. Scott_____
                                                  John Houston Scott
                                                  Attorney for Plaintiff