UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL DUNKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOAH MALLINGER, et al.,<br><br>　　　　Defendants. | Case No. 11-cv-01275-JCS<br><br>**ORDER STAYING TAXATION OF COSTS PENDING APPEAL AND DENYING PLAINTIFF'S MOTION RE TAXATION OF COSTS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 111 |

　　　　Following entry of judgment in their favor, Defendants filed a Bill of Costs seeking an award of $11,964.93 in costs. Plaintiff Randal Dunklin has filed a motion objecting to the taxation of costs ("the Motion"), arguing that costs should not be awarded in this case because: 1) the award would have a chilling effect on civil rights litigation; 2) the Court characterized its decision on summary judgment as a "close call;" and 3) Plaintiff is indigent. Mr. Dunklin has submitted a declaration stating that he retained his lawyer on a contingency basis, has no assets, and lives on the $800/month he receives from State Social Security Disability. The Court finds that the Motion is suitable for determination without oral argument pursuant to Civ.L.R. 7-1(b) and therefore **vacates the June 28, 2013 hearing**. For the reasons stated below, the Court stays the taxation of costs pending appeal and denies the Motion without prejudice to renewing it if the Ninth Circuit affirms this Court's decision on the merits.

　　　　Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." However, the rule vests the district court with the discretion to refuse to award costs, so long as it provides appropriate reasons for doing so. *Assoc'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). This

discretion includes the discretion to defer taxation of costs pending appeal. *Lasic v. Moreno*, 2007 WL 4180655 E.D. Cal. Nov. 21, 2007).

In *Lasic*, the court notes that while Rule 54(d) is silent as to whether the court may change the timing for the filing of a cost bill, it expressly permits courts to defer ruling on a request for attorney fees. *Id*. at *1. Further, the Advisory Committee notes to Rule 54(d) state that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *Id*. (quoting 1993 Advisory Committee notes to FRCP 54(d)). The court in *Lasic* found that the reasoning of the Advisory Committee notes applies equally to ruling on a bill of costs. *See also Singleton v. Department of Correctionl Educ.,* 2003 WL 22299039, at *1 (W.D.Va.,Oct. 3, 2003) ("The decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court"). This Court agrees.

Here, there is good cause to defer ruling on the Motion pending appeal because, as the Court acknowledged in its summary judgment order, the Court's ruling included some close calls. Moreover, Plaintiff is indigent, as Defendants concede, and therefore is not able to pay any significant costs at this time. Further, it is unlikely Defendants will suffer any prejudice as a result of the Court's order staying the taxation of costs given that they do not dispute that Mr. Dunklin is indigent and have stipulated that they will not attempt to collect their costs so long as Mr. Dunklin is indigent. *See* Docket No. 113 at 3.

Accordingly, the Court orders that the taxation of costs is STAYED pending appeal and the Motion is DENIED without prejudice to being renewed following disposition of this matter upon appeal.

**IT IS SO ORDERED**.

Dated: June 17, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge